IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02174-BNB

NATHANIEL JAMES HARVEY, III,

     Plaintiff,

v.

LIEUTINANT [sic] HIGDON, F Unit (CSP), individual, official capacity,
SEARGENT [sic] CHASE, F Unit (CSP), individual, official capacity,
SEARGENT [sic] CONZALEZ, F Unit (CSP), individual, official capacity,
OFFICER ELLIS, F Unit (CSP), individual, official capacity,
OFFICER LANKFORD, F Unit (CSP), individual, official capacity,
SEARGENT [sic] DAN DENT, Intel (CSP), individual, official capacity,
SEARGENT [sic] SMUTZLER, Intake (CSP), individual, official capacity, and
OFFICER J. HOUTZ, F Unit (CSP), individual, official capacity,

     Defendants.

---

ORDER GRANTING MOTION TO DISMISS DEFENDANTS AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Nathaniel James Harvey, III, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Colorado State

Penitentiary in Cañon City, Colorado.  On September 8, 2014, he filed *pro se* a twenty-

seven-page Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983, among

other statutes, together with sixty-two pages of attachments.  He asks for money

damages and declaratory and injunctive relief.  He has been granted leave to proceed

pursuant to 28 U.S.C. § 1915.

On October 21, 2014, Mr. Harvey filed a motion (ECF No. 8) requesting the

dismissal from the instant action the following Defendants and the claims asserted

against them:  Lieutinant [sic] Higdon, Seargent [sic] Chase, Officer Ellis, Officer Lankford, and Officer Houtz.  Plaintiff alleges he only wishes to proceed against the remaining Defendants:  Seargent [sic] Gonzalez, Seargent [sic] Dan Dent, and Seargent [sic] Smutzler.  The motion to dismiss will be granted.

The Court must construe the Prisoner Complaint liberally because Mr. Harvey is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013).  For the reasons stated below, Mr. Harvey will be ordered to file an amended Prisoner Complaint.

Because Mr. Harvey seeks to dismiss five of the eight Defendants in this action, he will be directed to file an amended Prisoner Complaint that only asserts his remaining claims against the remaining Defendants.  In addition, Mr. Harvey's Prisoner

Complaint is vague and conclusory because the asserted claims lack supporting factual allegations.  For example, in claims four and five, Mr. Harvey asserts equal protection violations, but fails to provide sufficient factual information indicating how he was treated differently than similarly situated inmates.  As previously stated, a court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft*, 556 U.S. at 681.

The amended Prisoner Complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Harvey fails to assert his claims in a manner that is clear and concise and

allows the Court and each defendant to understand and respond to each asserted claim.  Generally, Mr. Harvey fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Harvey's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Harvey must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The Court does not require a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through Mr. Harvey's allegations to determine the heart of each claim.  The Court also is not required to comb through the sixty-two pages of unexplained attachments Mr. Harvey has submitted to find matters that support his claims.  Mr. Harvey is directed to limit his amended Prisoner Complaint to thirty, double-spaced pages.

In the amended Prisoner Complaint he will be directed to file, Mr. Harvey must allege facts that demonstrate each of the named defendants personally participated in

the asserted constitutional violations.  In order to state a claim in federal court, Mr.

Harvey "must explain what each defendant did to him or her; when the defendant did it;

how the defendant's action harmed him or her; and, what specific legal right the plaintiff

believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting

under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526

U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose

of § 1983 is to deter state actors from using the badge of their authority to deprive

individuals of their federally guaranteed rights and to provide relief to victims if such

deterrence fails.").  Therefore, Mr. Harvey should name as defendants in his amended

Prisoner Complaint only those persons that he contends actually violated his federal

constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See*

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal

participation, Mr. Harvey must show that each defendant caused the deprivation of a

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a

defendant may not be held liable for the unconstitutional conduct of his or her

subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Harvey may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Harvey uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Harvey will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleges specific facts that demonstrate how each named

defendant personally participated in the asserted constitutional violations, and complies with the Local Rules of Practice for this Court.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Mr. Harvey is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Mr. Harvey seeks to refile in this Court because the two-year statute of limitations may have run on his § 1983 claims.  The limitation period for a § 1983 action is set by the personal injury statute in the state where the cause of action accrues. *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984).  In Colorado, the limitations period for a personal injury action is two years.  Colo. Rev. Stat. § 13-80-102.

Accordingly, it is

ORDERED that the motion (ECF No. 8) filed on October 21, 2014, requesting the dismissal from the instant action certain Defendants and the claims asserted against them is granted.  The dismissed Defendants are Lieutinant [sic] Higdon, Seargent [sic] Chase, Officer Ellis, Officer Lankford, and Officer Houtz.  The remaining Defendants are Seargent [sic] Gonzalez, Seargent [sic] Dan Dent, and Seargent [sic] Smutzler.  It is

FURTHER ORDERED that **within thirty (30) days from the date of this order** Plaintiff, Nathaniel James Harvey, III, file an amended Prisoner Complaint asserting the remaining claims against the remaining Defendants that complies with the directives of this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case

7

manager or the facility's legal assistant) the Court-approved form for filing a Prisoner

Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall

use the form in filing the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner

Complaint as directed **within thirty days from the date of this order**, some claims

against some defendants, or the entire the Prisoner Complaint and the action, may be

dismissed without further notice.

DATED at Denver, Colorado, this ___29th___ day of _____October__, 2014.

BY THE COURT:

S/ Gordon P. Gallagher

GORDON P. GALLAGHER
United States Magistrate Judge