# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-02174-RBJ-NYW

NATHANIEL J. HARVEY,

    Plaintiff,

v.

SEARGENT [sic] GONZALEZ, individual and official, and
SEARGENT [sic] SCHMUTLER, individual and official,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff Nathaniel J. Harvey's Motion for Injunction to Preserve the Status Quo ("Motion for Injunction"). [#29, filed April 1, 2015]. The matter was referred to this Magistrate Judge pursuant to the Order Referring Case [#27] dated March, 13, 2015 and the memorandum dated April 2, 2015. [#30]. This court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised as to the issues presented.[1]  For the reasons stated below, this court respectfully RECOMMENDS that the Motion for Injunction be DENIED.

    To succeed on a motion for a preliminary injunction under Fed. R. Civ. P. 65, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v.*

*Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotations omitted). Granting such "drastic relief," *United States ex. rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

While the court construes papers filed by *pro se* parties liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), the basis of Mr. Harvey's Motion for Injunction is unclear at best. The two-page Motion includes a portion of this action's procedural history to date, a statement of jurisdiction, and a certificate of service. The only mention of injunctive relief is Plaintiff's request for an injunction "To Preserve the Status Quo From the Case No. 1:14-cv-02174 RBJ-NYW Harvey v. Dent, et al of the Order issued on 3/13/2015 by the Honorable Judge R. Brooke Jackson." [#29 at 2]. On March, 13, 2015, Judge Jackson denied Plaintiff's Order to Show Cause and Temporary Restraining Order without prejudice because four months had elapsed since the filing of that motion, and during the interim one defendant and several claims had been dismissed and Plaintiff had filed a Second Amended Complaint. [#26].

This court cannot ascertain the specific relief Plaintiff seeks, nor does Mr. Harvey discuss any of the above factors, the satisfaction of which is a prerequisite to granting injunctive relief.

---

[1] As of the date of this Order, Defendants have not filed a response to the Motion for Injunction. Pursuant to D.C.COLO.LCivR 7.1(d), nothing precludes this court from ruling on a motion at any time after it is filed.

Accordingly, this court respectfully RECOMMENDS that Mr. Harvey's Motion for Injunction [#29, filed April 1, 2015] be DENIED.[2]

DATED: April 7, 2015

BY THE COURT:

s/Nina Y. Wang
United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).