IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-002174-RBJ-NYW

NATHANIEL JAMES HARVEY, III,

    Plaintiff,

v.

SEARGENT [sic] GONZALEZ, individual and official, and
SEARGENT [sic] SCHMUTLER, individual and official,

    Defendants.

## ORDER

This matter is before the Court on the November 24, 2015 Recommendation of Magistrate Judge Nina Y. Wang, ECF No. 62, that the Court grant in part and deny in part defendants' motion to dismiss plaintiff's second amended complaint, ECF No. 38. Judge Wang also recommended that plaintiff's prayer for punitive damages be stricken. For the reasons set forth herein, the recommendations are accepted. The Court also denies as moot a separate motion of the plaintiff concerning certain exhibits.

## BACKGROUND

The plaintiff, Nathaniel J. Harvey, III, is an inmate in the Colorado State Penitentiary. Although he initially sued a number of individuals, the two remaining defendants are Sgt. Gonzalez and Sgt. Schmutzler. The remaining claims are that (1) Sgt. Gonzales violated Mr. Harvey's constitutional rights by retaliating against him for filing inmate grievances, and (2) Sgt. Schmutzler violated Mr. Harvey's constitutional rights by confiscating his only copy of the Qur'an.

With respect to the claim against Sgt. Gonzalez, Judge Wang noted, among other things, that Mr. Harvey attached copies of certain grievances (by which he exhausted his administrative remedies) to his Second Amended Complaint. In a grievance dated August 4, 2014, Mr. Harvey indicated that he had previously requested that he be moved to a unit away from Sgt. Gonzalez. ECF No. 20-1 at 1. In a grievance dated August 14, 2014 Mr. Harvey continued to complain about Sgt. Gonzalez's retaliatory conduct, and he repeated his desire to be moved to a different unit. *Id.* at 2. But then, in a grievance form dated August 25, 2014, Mr. Harvey indicated that his housing placement was modified on August 15, 2014, and "there for [sic] the issue of staff harassment is resolved!" *Id.* at 3. Although the retaliatory conduct attributed to Sgt. Gonzalez was mentioned again in a grievance dated September 15, 2014, there was no indication in this grievance (or in the Second Amended Complaint) that Sgt. Gonzalez had continued his alleged retaliatory conduct after Mr. Harvey was moved to a different unit. *Id.* at 4.

Having considered the grievances as well as the allegations of the Second Amended Complaint, Judge Wang concluded that Mr. Harvey had not alleged sufficient facts plausibly to support a claim that he had suffered a cognizable injury or that he had sustained a constitutional violation as a result of retaliation by Sgt. Gonzalez. ECF No. 62 at 10-11.

On the other hand, Judge Wang found that Mr. Harvey had alleged facts that, if taken as true, were sufficient to state a claim against Sgt. Schmutzler for a constitutional violation under the Free Exercise Clause of the First Amendment. Sgt. Schmutzler had asserted that he is entitled to qualified immunity with respect to Mr. Harvey's claim. "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado*

2

*Springs,* 643 F.3d 719, 732 (10th Cir. 2011). Regarding the first prong of the qualified immunity "defense," Judge Wang presumed that Mr. Harvey's religious beliefs are sincere and that the use of a Qur'an is necessary to the practice of his religion. She also assumed, to Mr. Harvey's benefit at this stage of the case, that Sgt. Schmutzler confiscated Mr. Harvey's only copy of the Qur'an; that Mr. Harvey then had to modify his religious practice; and that the resulting burden on his right of free exercise was not reasonably related to legitimate penological interests. Accordingly, for purposes of a motion to dismiss, she concluded that he had sufficiently alleged a constitutional violation. ECF No. 62 at 11-15.

Regarding the "clearly established" prong of the qualified immunity doctrine, Judge Wang concluded that there is a need to develop the factual record further (for example, concerning alterations to Mr. Harvey's Qur'an, the reasons for confiscating it, and options for replacing it), and that the qualified immunity analysis could better be made at the summary judgment stage. *Id.* at 15-16.

Finally, Judge Wang found that the Second Amended Complaint did not identify sufficient facts that, even if taken as true, would show that Sgt. Schmutzler acted with an evil motive or intent or with reckless or callous indifference. Therefore, she recommended in substance that Mr. Harvey's prayer for punitive damages be stricken.

The recommendation concluded with an advisement that any objection to the recommendation must be filed within 14 days after service of a copy of the recommendation. ECF No. 62 at 18 n.7. The recommendation was issued on November 24, 2015. Allowing three extra days for service, objections were due on December 11, 2015. Mr. Harvey's objections were placed in inmate mail on December 15, 2015 and received by the court on December 18, 2015. ECF No. 65 at 1, 5.

## STANDARD OF REVIEW

A party may serve and file specific written objections to proposed findings and recommendations of a magistrate judge within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## CONCLUSIONS

Under the prison mailbox rule, an inmate's objections are deemed to be filed when they were placed in the institution's mailing system, regardless of the date the court received the document. *Price v. Philpot,* 420 F.3d 1158, 1163-64 (10th Cir. 2005). Even so, however, Mr. Harvey did not file timely objections to Judge Wang's recommendation. Nor is a pro se litigant's unfamiliarity with procedural rules an excuse here. Mr. Harvey was clearly and specifically advised of the deadline and the potential consequences for failure to meet it. ECF No. 62 at 18 n.7. He received a similar advisement from Judge Wang on April 7, 2015 when she issued an earlier recommendation in this case. ECF No. 31 at 3 n.2. And he received another similar advisement from Judge Wang on August 10, 2015 when she issued a recommendation in another case. *Harvey v. Segura,* No. 13cv1574-RBJ-NYW, ECF No. 156 at 12 n.6.

Nevertheless, while he has waived his right to a de novo review, I have reviewed his objections. With respect to the claim against Sgt. Gonzalez, Mr. Harvey does not address Judge Wang's finding that he had not sufficiently alleged a retaliation claim. Rather, Mr. Harvey attaches and discusses additional "evidence" that he believes provides support for his claim. The

place to present additional evidence in support of a claim would be in a response to a motion for summary judgment and at trial.  However, we are dealing here with a finding that the Second Amended Complaint, even after well-pleaded facts are assumed to be true, does not state a claim upon which relief could be granted.  This shortcoming still existed after Mr. Harvey twice amended his original complaint.  After conducting my review, I do not find any error in Judge Wang's findings and recommendation with respect to the retaliation claim against Sgt. Gonzalez.

With respect to Mr. Harvey's claim against Sgt. Schmutzler, the magistrate judge recommended that the motion to dismiss be denied.  Mr. Harvey nevertheless addresses the free exercise issue in his objections and refers the Court to "Exhibit T" contained within 25 pages of exhibits submitted with his objections.  If Sgt. Schmutzler files a motion for summary judgment, essentially a motion that asserts that there are no genuine and material disputes of fact that require a trial, then it will be appropriate for Mr. Harvey to present any evidence he has that would tend to show that there is a genuine dispute of at least one fact that is material to the resolution of the free exercise claim.  Presentation of such evidence is not necessary at this stage.

I note that Mr. Harvey does include in his objections a request: "Please give me back my Qur'an with Shia Commentary.!  Please!!!"  ECF No. 65 at 3.  The parties might wish to consider whether providing a Qur'an to Mr. Harvey might be a way to resolve the case.

Finally, with respect to punitive damages, Mr. Harvey does not address the shortcomings of his Second Amended Complaint, on which Judge Wang's recommendation rested, but instead attempts again to present additional "evidence."  That is not an appropriate objection even if it were timely.

In conclusion, on my review of the Second Amended Complaint, motion to dismiss, recommendations and objections, I find that Judge Wang's analysis and written

recommendations were thoughtful, thorough, reasonable and correct.

## ORDER

1. The Recommendation of United States Magistrate Judge Wang [ECF No. 62] is ACCEPTED and ADOPTED.

2. Defendants' motion to dismiss the Second Amended Complaint [ECF No. 38] is GRANTED IN PART AND DENIED IN PART.  The motion to dismiss plaintiff's claim against Sgt. Gonzalez (his Second Claim for Relief) is granted, and that claim is dismissed with prejudice.  The motion to dismiss plaintiff's claim against Sgt. Schmutzler, his Third Claim for Relief, is denied to the extent that plaintiff asserts a violation of his right freely to exercise his religion, but it is otherwise granted.  Plaintiff's prayer for punitive damages is stricken.

3. Plaintiff's motion asking the Court to accept his exhibits in support of his objections [ECF No. 66] is denied as moot.

DATED this 28th day of December, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge