IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-002174-RBJ-NYW

NATHANIEL JAMES HARVEY, III,

    Plaintiff,

v.

SEARGENT [sic] GONZALEZ, individual and official, and
SEARGENT [sic] SCHMUTLER, individual and official,

    Defendants.

## ORDER

Once again in this case Magistrate Judge Nina Y. Wang has made a recommendation, Mr. Harvey has not filed a timely objection, and the matter is before this Court on a review of the recommendation. For the reasons set forth herein, the recommendation is accepted.

## BACKGROUND

Nathaniel J. Harvey, III is an inmate in the Colorado State Penitentiary ("CSP"). The remaining claim in this case is that Sgt. LaRea Schmutzler, a corrections officer at the Colorado State Penitentiary, violated Mr. Harvey's constitutional rights by confiscating his only copy of the Qur'an. Sgt. Schmutzler moved for summary judgment. ECF No. 81. In an affidavit in support of her motion Sgt. Schmutzler explained that when Mr. Harvey arrived at the CSP as a maximum security inmate, the policies of the Colorado Department of Corrections ("CDOC") and the CSP permitted him to possess two books. He chose two other books but asked that his heavily taped copy of the Quran be mailed to his home address. Policy AR-300-06 requires offenders to cover mailing costs. Mr. Harvey did not provide sufficient funds to cover mailing

costs, and after several reminders and approximately four months had passed, the Quran was destroyed. ECF No. 81-1 at ¶¶12-16.

Defendant's motion for summary judgment was filed on July 5, 2016 and was referred to Magistrate Judge Wang for a report and recommendation. Per a minute order issued by Judge Wang on July 6, 2016 Mr. Harvey's response was due on August 4, 2016. *See* ECF No. 84. On July 14, 2016 Mr. Harvey notified the court that he had been transferred to the CDOC facility in Buena Vista, Colorado. ECF No. 86. He did not file a response to the motion for summary judgment. However, concerned that Mr. Harvey's transfer might have impacted his ability to receive legal mail, on September 20, 2016 Judge Wang directed the Clerk to mail a copy of the motion for summary judgment to his Buena Vista address and gave him a new deadline of October 21, 2016 for a response. He did not file a response by that deadline either.

Finally, still having received no response to the motion, Judge Wang issued a 15-page report and recommendation on November 21, 2016. ECF No. 90. She recommended that the motion be granted and advised Mr. Harvey that he could file written objections to her recommendation within 14 days after service. *Id.* at 14. No objection has been filed, and it is now 29 days after the recommendation was issued.

## STANDARD OF REVIEW

The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## CONCLUSIONS

I have reviewed the motion for summary judgment and the recommendation. The recommendation contains a detailed summary of the history of the case and the relevant facts. I agree with Judge Wang's conclusions, in particular her application of mootness doctrine to the facts.

## ORDER

1. The Recommendation of United States Magistrate Judge Wang, ECF No. 90, is ACCEPTED and ADOPTED.

2. Defendant Schmutzler's motion for summary judgment, ECF No. 81, is GRANTED. Inasmuch as this was the last remaining defendant, this civil action is dismissed with prejudice. Sgt. Schmutzler is awarded reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 20th day of December, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge